IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| MARCOS ROMERO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 6:09-CV-1401-Orl-35GJK |
| | ) | |
| | ) | |
| FLORIDA POWER & LIGHT | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

## **PLAINTIFFS' MOTION FOR REPRESENTATIVE TESTIMONY AT TRIAL ON THE ISSUE OF LIABILITY**

Plaintiffs, MARCOS ROMERO, ALBERT SALA, JAMES KNAPP, STEPHEN PRATT, LARRY BRYAN, JAMES HARTWELL, JOHN RITTER, JACK MURPHY, and THOMAS CONNORS, by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida, request the entry of an Order approving of the use of representative testimony at trial as to the issue of liability, and state:

1. The instant case is a collective action for overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), which has been conditionally certified by the Court.

2. Currently, there are 370 Plaintiffs and Opt-In Plaintiffs claiming overtime wages owed for their meal breaks which should have been compensable.

3. In this collective action, Plaintiffs should not be required at trial to present the testimony of all 370 Plaintiffs and Opt-In Plaintiffs as to the issue of liability.1

4. Rather, for the reasons set forth herein, at trial Plaintiffs should be allowed to prove the issue of liability through the use of representative testimony.

5. Pursuant to the Local Rules for the Middle District of Florida, Plaintiffs certify that they have conferred with Defendant both in writing and orally and Defendant opposes the relief sought in this Motion.

WHEREFORE, Plaintiffs, MARCOS ROMERO, ALBERT SALA, JAMES KNAPP, STEPHEN PRATT, LARRY BRYAN, JAMES HARTWELL, JOHN RITTER, JACK MURPHY, and THOMAS CONNORS,  request the entry of an Order approving of the use of representative testimony at trial as to the issue of liability.

## MEMORANDUM OF LAW

### I.LEGAL STANDARDS

In collective actions brought pursuant to 29 U.S.C. 216(b), not all plaintiffs must testify; rather, representative evidence will suffice to prove liability on a class-wide basis. *See e.g*., *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) (all plaintiffs need not testify in FLSA overtime action).  The Eleventh Circuit repeatedly has

---

1 Contemporaneously herewith, Plaintiffs are filing a Motion for Bifurcation, requesting the Court to separately try the issues of liability and (if necessary) damages.  Consistent with the Motion for Bifurcation, Plaintiffs do not also seek representative testimony regarding the issue of damages at this time. Moreover, as noted in Plaintiffs' Motion for Bifurcation, if the Court granted Plaintiff's Motion for Summary Judgment as to Liability or if the Court granted Defendant's Motion for Summary Judgment, the issue of representative testimony as to liability (as well as the issue of bifurcation) would be moot.

allowed representative testimony as to liability in such cases. *Morgan v. Family Dollar Stores*, Inc., 551 F. 3d 1233 (11th Cir. 2008) (allowing less than 1% of plaintiffs to testify as to liability for a class of 1424);  *Brock v. Norman's Country Market, Inc.,* 835 F.2d 823, 828 (11th Cir.), *cert. denied*, 487 U.S. 1205, 101 L. Ed. 2d 883, 108 S. Ct. 2845 (1988)  ("The fact that several employees do not testify does not penalize their claim; 'it is clear that each employee need not testify…'") (citations omitted); *Donovan* v. *New Floridian Hotel, Inc.,* 676 F.2d 468 (11th Cir. 1982) (affirming the trial court's ruling that evidence could be limited to a sub-set of employees). Courts use representative testimony in all type of FLSA collective actions, including off-the-clock cases such as the instant case. *See, Donovan, supra.*

Virtually every other Circuit Court of Appeals is in accord in approving the use of representative testimony in FLSA collective actions. *U.S. Dept. Of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 781 (6th Cir. 1995) ("The testimony of fairly representative employees may be the basis for an award of back wages to nontestifying employees.");[2] *Reich v. Southern New England Telecommunications Corp.*, 121 F. 3d 58, 67-68  (2d Cir. 1997) ("a very small sample of representational evidence can suffice" for plaintiffs to carry their burden) (citations omitted); *Reich v. Gateway Press, Inc.,* 13 F.3d 685, 701-02 (3d Cir. 1994) ("[c]ourts commonly allow representative employees to prove

---

[2] Citing, *Reich v. Southern Maryland Hosp., Inc.,* 43 F.3d 949, 951 (4th Cir. 1995); *Martin v. Tony and Susan Alamo Found.,* 952 F.2d 1050, 1052 (8th Cir.), *cert. denied,* 120 L. Ed. 2d 869, 112 S. Ct. 2992 (1992); *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1297 (3d Cir. 1991); *Secretary of Labor v. DeSisto,* 929 F.2d 789, 792 (1st Cir. 1991); *Ho Fat Seto,* 850 F.2d at 589; *Brock v. Norman's Country Market, Inc.,* 835 F.2d 823, 828 (11th Cir.), *cert. denied*, 487 U.S. 1205, 101 L. Ed. 2d 883, 108 S. Ct. 2845 (1988); *Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1331 (5th Cir. 1985).

violations with respect to all employees.") (citations omitted); *Secretary of Labor v. DeSisto*, 929 F. 2d 789, 792, n.1 (1st Cir. 1991) ("[i]t is well established that not all employees need testify in order to prove the violations or to recoup back wages. Rather, the Secretary can rely on testimony and evidence from representative employees to meet the initial burden of proof requirement.") (citations omitted); *McLaughlin v. Ho Fat Seto*, 850 F. 2d 586, 589-90 (9th Cir. 1988) (district courts may "award back wages under the FLSA to non-testifying employees based upon the fairly representative testimony of other employees.") (citations omitted); *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985) (granting back wages under the FLSA to non-testifying employees based upon the representative testimony of a percentage of the employer's employees); *Donovan v. Simmons*, 725 F. 2d 83, 86 (10th Cir. 1983) ("[n]ot all injured employees need testify in order to establish a prima facie case" under the FLSA); *Brennan v. General Motors Acceptance Corp.*, 482 F. 2d 825, 829 (5th Cir. 1973); *see also, Baden-Winterwood v. Life Time Fitness Inc.*, 729 F.Supp.2d 965 (S.D.Oh. 2010); *In re Tyson Foods, Inc.*, 694 F.Supp.2d 1372, 1379-80 (M.D. Ga. 2010).3

## II. REPRESENTATIVE TESTIMONY IS REQUIRED ON THE ISSUE OF LIABILITY

Based upon this overwhelming, unanimous, and controlling authority, Plaintiffs should be permitted to proceed at trial on a representative basis as to the issue of liability.

---

3   To the extent Defendant may claim otherwise, many of the cases authorizing the use of representative testimony did so in the context of off-the-clock/meal break claims. *See, Donovan, supra; see also, Cole Enterprises, Inc., Southern New England Telecommunications Corp., In re Tyson, supra.*

Plaintiffs propose that up to twenty (20) 4 of the Plaintiffs and Opt-In Plaintiffs testify at trial on behalf of the members of the collective action.  *See, Pendlebury v. Starbucks Coffee*, 04-80521-CIV-MARRA, D.E. 125 (approving use of **36** opt-in plaintiffs in an FLSA collective action where over **900** people opted in);  *Plaseyed v. PCA National LLC*, Case No. 05-60099, D.E. 95 (approving use of 40 representatives for an FLSA collective action of 1,560).

In addition, the Witness List Defendant provided5 supports the use of representative testimony on the issue of liability.  In that Witness List Defendant included only approximately ten named Plaintiffs and Opt-In Plaintiffs  (as opposed to all 370 Plaintiffs, Opt-In Plaintiffs and members of the collective class).  This demonstrates that the evidence of the issue of liability  – at least to Defendant – is restricted to the testimony of  small fraction of the 370 member collective class, thereby supporting the use of representative testimony.6  Moreover, it further suggests Defendant's belief that the presentation of testimony by 370 similarly situated persons at trial would be unreasonably cumulative and duplicative. *See, Morgan, supra* at * fn 74 (approving of

---

4 Notably, Plaintiffs have not requested the 1% approved by the Eleventh Circuit in *Morgan*, *supra*.   In affirming the use of such a small sampling of testimony, the Court there also had considered the other trial evidence.

5 Prior to the stay of pre-trial preparations and pursuant to the Court's original Order, the Parties engaged in pre-trial preparations, including the exchange of preliminary Witness and Exhibits Lists.

6  And, while Plaintiffs provided Defendant with a more extensive Witness List at the Parties' pretrial meeting, they expressly agreed that their Witness List would be significantly pared down.  Plaintiffs continue to abide by that agreement; however, because the pretrial preparations have been stayed by Order of the Court, Plaintiffs have yet to revise their Witness List, as they are awaiting further instruction and orders from the Court.

representative testimony in FLSA collective actions to prevent or avoid cumulative testimony*); see also, Stillman v. Staples*, 2009 U.S. Dist. Lexis 42247, *69-76  (D. N.J. 2009).

Further, while Plaintiffs acknowledge that Defendant certainly has the right to develop and present any and all arguably available defenses, that right is not unfettered. *See, Long* v. *Trans World Airlines,* Inc., 761 F. Supp. at 1320, 1323 (N.D. Ill. 1991) (holding that "defendant has no 'right' to an individualized determination").   The fundamental principle underlying representative testimony is that any meaningful differences among class members can be determined by a sampling of individuals.  *See e.g., Nelson v. American Standard, Inc*., 2009 WL 4730166, *3 (E.D. Tex. 2009); *see also, Cranney v. Carriage Services Inc.*, 2008 WL 2457912, *2 (D. Nev. 2008).

Further, to the extent Defendant may raise constitutional concerns, representative testimony has been upheld in the face of such specific challenges. *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 333 F. Supp. at 287-88 ("In these circumstances the court cannot conclude that the defendants are constitutionally entitled to compel a parade of individual plaintiffs . . . ." Instead the Court limited defendants' access to all of the class, allowing representative discovery by means of statistical sampling); *Bell v. Farmers Insurance Exchange,* 115 Cal. App. 4th 715, *89 (Cal. 1st App. Dist. 2004) (finding that the defendant's due process challenges have no merit in an FLSA action.).

Further, the Supreme Court's recent decision in *Wal-Mart Stores Inc. v. Dukes*, 2011 U.S. Lexis 4567 (2011), does not suggest that representative testimony is not a proper method for presenting evidence at the trial in this FLSA collective action.   The second part of the Court's decision in *Dukes* dealt with the "established  procedure[s] **for trying  pattern-or-practice ["Title  VII] cases**" and concerned  the  specific  remedies allowed in those types of cases:

> When the plaintiff seeks individual relief such as reinstatement or backpay after establishing a pattern or practice of discrimination, "a district court must usually conduct additional proceedings . . . to determine the scope of individual relief." *Teamsters, 431 U.S., at 361, 97 S. Ct. 1843, 52 L. Ed. 2d 396*. At this phase, the burden of proof will shift to the company, but it will have the right to raise any individual affirmative defenses  it may have, and to "demonstrate that the individual applicant was denied an employment opportunity for lawful reasons."

*Id.,* at 362, 97 S. Ct. 1843, 52 L. Ed. 2d 396.  These equitable remedies, such as reinstatement, are not available in or relevant to this FLSA collective action. Therefore, *Dukes* is inapposite to the issue of the application of representative testimony in the instant case..

In addition, in *Dukes*, the Supreme Court (rejected "trial by formula" **in such Title VII cases:** "We disapprove that novel project. Because the Rules Enabling Act forbids interpreting *Rule 23* to "abridge, enlarge or modify any substantive right." *Id.*  (citing, 28 U.S.C. § 2072(b); *see Ortiz, 527 U.S.,* at 845, 119 S. Ct. 2295, 144 L. Ed. 2d 715).  The instant case which arises under the FLSA – and not Rule 23 – is therefore not subject to

this holding. Notably, the Court's language did not suggest that its holding foreclosed representative testimony in FLSA collective actions.7

Policy reasons also support the use of representative testimony on the issue of liability. The primary objectives of a § 216(b) collective action are: (1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity. *Hoffman La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989). Furthermore, the "FLSA is a remedial statute that has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Prickett v. DeKalb County,* 349 F.3d 1294, 1296 (11th Cir. 2003). FLSA plaintiffs can "hardly be expected to pursue these small claims individually, so there is little likelihood that their rights will be vindicated in the absence of a collective action." *Bradford v. Bed, Bath & Beyond*, 184 F. Supp. 2d 1342, 1351 (N.D. Ga. 2002).

In addition, putting aside the logical manageability concerns that may warrant limitations on discovery in individual party cases, representative discovery and sampling are especially appropriate in an FLSA collective action to prevent abuse and a wasting of resources. In *Anderson v, Mt Clemens Pottery, supra*, the Supreme Court noted that the "remedial nature of this statute and the great public policy which it embodies, however, **militate against making that burden an impossible burden for the employee.**" 328

---

7  Indeed, the *Dukes* Court's language regarding "formulas" did not foreclose the use of representative testimony in Rule 23 cases either. Nowhere does the case state that all plaintiffs (whether millions or a class of smaller scope) would be required to testify at trial, which is antithetical to Rule 23 class actions.

U.S. at 687 (emphasis added).   Likewise, in *Hoffman-LaRoche v. Sperling, supra*, the Supreme Court again noted that the remedial purposes of the FLSA allow workers to pool their resources and efficiently seek recourse against their employer.

## III. CONCLUSION

For all these reasons, Plaintiffs, MARCOS ROMERO, ALBERT SALA, JAMES KNAPP, STEPHEN PRATT, LARRY BRYAN, JAMES HARTWELL, JOHN RITTER, JACK MURPHY, and THOMAS CONNORS,  request the entry of an Order approving of the use of representative testimony at trial  on the issue of  liability, and for damages, if any, to be addressed thereafter pursuant to Plaintiffs' separate Motion for Bifurcation..

Dated: July 25, 2011
      Boca Raton, Florida

Respectfully submitted,

**/s/ GREGG I. SHAVITZ**
Gregg I. Shavitz, Esquire
Florida Bar No. 11398
E-Mail: gshavitz@shavitzlaw.com
Keith M. Stern, Esquire
Florida Bar No. 321000
E-Mail: kstern@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: 561-447-8888
Facsimile:  561-447-8831
Co-counsel for Plaintiff

Mauricio Arcadier, Esquire
Email: office@wamalaw.com
Arcadier & Associates, PA
2815 W New Haven, Suite 304
Melbourne , FL 32904
Tel: 321-953-5998
Fax: 321-953-6075
Attorneys for Plaintiffs

9

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.


**/s/GREGG I. SHAVITZ**
Gregg I. Shavitz


**SERVICE LIST**
**Marcos Romero, et al. v. Florida Power and Light Co.**
**CASE NO.: 6:09-cv-01401-MSS-GJK**
**United States District Court, Middle District of Florida**

Ellen S. Malasky, Esquire
Email: ellen_malasky@fpl.com
Florida Power & Light Company
LAW/JB
700 Universe Blvd
North Palm Beach, FL 33408
Tel: 561-691-7321
Fax: 561-691-7103
Attorneys for Defendant

Gary K. Harris, Esquire
Email: gharris@bsfllp.com
Karen C. Dyer, Esquire
Email: kdyer@bsfllp.com
Boies, Schiller & Flexner, LLP
121 S Orange Avenue, Suite 840
Orlando, FL 32801
Tel: 407-425-7118
Fax: 407-425-7047
Attorneys for Defendant