IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCOS ROMERO, *et al.*,   )
                           )
            Plaintiffs,    )
                           )
v.                         )   Case No. 6:09-CV-1401-Orl-35GJK
                           )
                           )
FLORIDA POWER & LIGHT      )
COMPANY,                   )
                           )
            Defendant.     )
_____)

## AFFIDAVIT OF CARLOS LEACH, ESQUIRE

**STATE OF FLORIDA**         )
**COUNTY OF ORANGE**         )

BEFORE ME, personally appeared, CARLOS LEACH, of the law firm of Morgan & Morgan, who after being duly sworn deposes and says as follows:

1. I make this Affidavit based upon my personal knowledge.

2. This Affidavit is being filed in support of the Motion to Approve Settlement in the matter of *Romero v. Florida Power and Light Co.*, Case No.:09-1401, D.E. 263.

3. I have been an attorney in good standing with the Florida Bar since 2002 and am also a member in good standing with the Middle District of Florida.

4. My specialty, like Plaintiffs' counsel, is FLSA wage and hour law.

5. I have litigated hundreds of FLSA cases. While I have litigated in multiply states and venues, the majority of the cases I have litigated have been in the Middle District of Florida.

6. I have personal knowledge of Plaintiffs' counsel's expertise, educational and professional experience, as well as their legal achievements for FLSA plaintiffs and reputation in the community.

7. In addition, I know that Plaintiffs' counsel have specialized for many years in representing plaintiffs in FLSA overtime actions. Plaintiffs' counsel have combined experience of over 25 years in complex FLSA collective action litigation.

8. While I litigate FLSA cases throughout the State of Florida, as well as the United States, my offices are located in Orlando, Florida. I regularly litigate FLSA wage and hour claims before the district court of the Middle District of Florida, including courts in the Orlando Division.

9. I also am involved with the local bar associations and groups for employment lawyers in the Orlando area.

10. In addition to my own extensive experiences with FLSA wage and hour litigation, I am familiar with other lawyers in the Middle District of Florida who practice FLSA wage and hour law and whose skill, experience, and reputation are reasonably comparable to Plaintiffs' counsel. I am familiar with the hourly rates charged by these attorneys.

11. Moreover, I have first-hand knowledge of the hourly rates charged by me and other attorneys in my firm who practice FLSA wage and hour litigation.

12. In the Middle District of Florida, specifically in the Orlando Division, the hourly rates charged by Plaintiffs' counsel are reasonable, including $350 per hour for Gregg I. Shavitz and Maurice Arcadier, and $300 per hour for Christine M. Duignan.

13. In addition, the hourly rates charged in this case are comparable to awards by the Orlando Division of the Middle District of Florida to other attorneys in FLSA litigation. *Swisher v. The Finishing Line, Inc.*, 2008 WL 4330318 (M.D.Fla. 2008) ($300 per hour); *Maranon v. Appliance Direct, Inc.*, 2008 WL 151891 (M.D.Fla. 2008) ($300 per hour); *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. no. 61 (M.D. Fla. 2007) ($300 per hour); *Armitage v. Dolphin Plumbing & Mechanical, LLC*, 2007 WL 1789110 (M.D. Fla. 2007) ($300, $250, $280, $250 awarded respectively to four attorneys); *Stoudt v. C T Windows, Inc.*, 2009 WL 50203 (M.D. Fla. 2009) ($300 per hour); *Rivera v. Hair Club for Men, Ltd., Inc.*, 2008 WL 5401631 (M.D. Fla. 2008) ($300 per hour); *Ball v. IFO, Inc.*, 2009 WL 395338 (M.D. Fla. Feb., 2009) ($300 per hour).

14. The hourly rates charged by Plaintiffs' counsel are particularly reasonable in this complex, collective action, which was certified by the Court. The case was heavily litigated, including numerous substantive motions, including a motion for conditional certification, a motion for decertification, motions regarding

bifurcation and representative testimony, as well as multiple motions for summary judgment on a variety of issues, including the application of credits under 29 U.S.C. § 207.

15. I have reviewed Plaintiffs' files, the Declarations of the attorneys filed in this case, and the summaries of fees. I also reviewed the court docket.

16. In addition to opining as to the reasonableness of Plaintiffs' counsel's hourly rates, based upon my review and my experience in FLSA litigation, the hours incurred and work performed by Plaintiffs' counsel were efficient and the time incurred reasonable and not excessive.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CARLOS LEACH

STATE OF FLORIDA      )
COUNTY OF ORANGE   )

SWORN TO AND SUBSCRIBED before me this 25th day of September, 2012, by CARLOS LEACH, who [✓] is personally known to me or [ ] who produced _____ as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

RISMA D. SARAGIH
MY COMMISSION # EE 096989
EXPIRES: June 3, 2015
Bonded Thru Notary Public Underwriters

_____
Print or Type Name of Notary

My Commission Expires:

4

5